**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LARICE COOPER,
                    Appellant,

                    v.

DEPARTMENT OF THE NAVY,
                    Agency.

DOCKET NUMBER
AT-0752-17-0122-I-1

DATE: April 13, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Marion L. Williams</u>, Warner Robins, Georgia, for the appellant.

<u>Elise Louise Jones</u> and <u>Grant Jensen</u>, Albany, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to recognize and apply the proper standards for the agency's charge and the appellant's disability discrimination claim, we AFFIRM the initial decision.

## BACKGROUND

¶2 Prior to the action at issue, the appellant encumbered the position of Tractor Operator, WG-7. On June 8, 2016, he provided the agency with a memorandum from his Department of Veterans Affairs (DVA) doctor stating that the appellant was no longer able to perform his duties based on MRI results of December 15, 2015, which showed moderate to severe degenerative changes of the cervical spine. The doctor stated that the appellant suffered neck pain that radiated to his hands, and that he could perform light duties that did not require him to lift anything heavy. Initial Appeal File (IAF), Tab 7 at 19. Subsequently, the agency proposed and effected the appellant's removal for "inability to perform as a result of medical condition." *Id.* at 15, 12, 11.

¶3 The appellant filed a Board appeal in which he did not request a hearing. IAF, Tab 1. During adjudication, he conceded that he could not perform his duties based on the condition referenced by his DVA doctor. *Id.*; IAF, Tab 13 at 18-20 (the appellant's responses to the agency's request for admissions). He

indicated that he had suffered an on-the-job injury and was waiting for a decision by the Office of Workers' Compensation Programs. He also stated that he was requesting reassignment in lieu of removal or a redesign of his position to exclude the duties he could no longer perform.[3] *Id.* In addition to challenging the charge, he stated that he was raising as affirmative defenses disability discrimination based on failure to accommodate, and denial of due process/harmful error regarding his right to reply to the proposal notice. IAF, Tab 19 at 6-15.

¶4 In his initial decision, the administrative judge first found that the agency proved the charge of inability to perform due to a medical condition by establishing that the appellant's disabling condition is disqualifying, that its recurrence cannot be ruled out, and that the duties of the position are such that a recurrence of the medical condition would pose a reasonable probability of substantial harm. IAF, Tab 24, Initial Decision (ID) at 8-20. The administrative judge next found that the appellant failed to prove his claim of disability discrimination based on failure to accommodate, ID at 23-24, and failed also to prove his claim of denial of due process/harmful error. ID at 25-28. Lastly, the administrative judge found that the agency proved that there was a nexus between its decision to remove the appellant and the efficiency of the service and that removal was a reasonable penalty based on the sustained charge. ID at 28. Accordingly, the administrative judge affirmed the agency's action. ID at 1, 28.

¶5 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, and the agency has filed a response. PFR File, Tab 3.

---

[3] The appellant submitted medical documentation that noted pain and numbness in his hands and wrists, IAF, Tab 15 at 18-23, and a June 10, 2016 imaging study conducted on the appellant's lumbosacral spine showed degenerative disc disease and facet arthrosis of the lumbar spine, IAF, Tab 14 at 5.

## ANALYSIS

<u>The administrative judge applied an improper legal standard to the agency's charge.</u>

¶6     As noted, the agency removed the appellant based on a single charge of inability to perform the duties of his Tractor Operator position based on a medical condition. IAF, Tab 7 at 15, 12. The administrative judge analyzed the charge by citing to prior Board cases that relied on 5 C.F.R. § 339.206,[4] finding that the agency proved the charge by establishing that the appellant has a disqualifying medical condition, and that recurrence, which could not be ruled out, would pose a reasonable probability of causing substantial harm. ID at 8-20.

¶7     Though not raised by either party, we modify the initial decision to the extent that the administrative judge relied on 5 C.F.R. § 339.206 to analyze the agency's charge. *See* 5 C.F.R. § 1201.115(e) (providing that, although the Board normally will consider only issues raised by the parties on review, it reserves the authority to consider any issue in an appeal before it). As explained below, section 339.206 does not apply to this appeal because the agency did not remove the appellant based solely on his medical history, but rather on a current medical condition and inability to perform.

¶8     In *Haas v. Department of Homeland Security*, 2022 MSPB 36, the Board revisited its precedent concerning a medical inability to perform charge where the employee occupied a position that was subject to medical standards.[5] The Board

---

[4] 5 C.F.R. § 339.206 provides generally that an employee may not be removed from a position subject to medical standards "solely on the basis of medical history."

[5] The administrative judge in this case found, and we agree, that a preponderance of the evidence supports the proposition that, in his position of Tractor Operator, the appellant was not subject to medical standards, but instead was subject to physical requirements. 5 C.F.R. § 339.206; ID at 10-11. Physical requirements are a written description of job-related physical abilities that are essential for successful performance in a specific position. 5 C.F.R. § 339.104. The requirements must be specifically supported by the actual duties of the position and documented in the position description. 5 C.F.R. § 339.203(a). Here, a section of the appellant's position description, entitled "Physical Effort," provides that the incumbent performs work on hard surfaces, in work areas that

recognized 5 C.F.R. § 339.206 applies only to removals that are "solely on the basis of medical history." *Id.*, ¶¶ 11-12.

¶9 Regardless of whether a position is subject to medical standards or, as here, physical requirements, if an agency removes an employee for inability to perform because of a *current* medical condition or impairment, the agency must prove either a nexus between the employee's medical condition and observed deficiencies in his performance or conduct, or a high probability, given the nature of the work involved, that his condition may result in injury to himself or others. *Id.*, ¶¶ 15 & n.3, 20. In other words, the agency must establish that the appellant's medical condition prevents him from being able to safely and efficiently perform the core duties of his position. *Id.*, ¶¶ 15, 20.

¶10 In this appeal, the agency did not remove the appellant based solely on his medical history, but rather based on his current medical condition. The proposal notice cited the appellant's severe degenerative condition of cervical spine with neck pain radiating to his hands, which rendered him medically unable to perform the duties of his job. IAF, Tab 7 at 15. Accordingly, section 339.206 does not apply.

As modified to apply the correct legal standard, we affirm the administrative judge's conclusion that the agency proved its charge.

¶11 Although the administrative judge rendered the initial decision in this appeal before the Board issued *Haas* and, consequently, misapplied 5 C.F.R. § 339.206, remand is unnecessary because the record is fully developed on the relevant issues. *Haas*, 2022 MSPB 36, ¶ 20.

¶12 The core duties of a position are synonymous with the essential functions of a position, i.e., the fundamental job duties of the position, not including marginal

---

require climbing, standing, stooping, bending, and in tiring and uncomfortable positions, and that the incumbent frequently lifts and carries supplies and materials weighing up to 50 pounds, and must be able to work at heights up to 15 feet. IAF, Tab 23 at 9.

functions. *Id.*, ¶ 21. One of the bases for finding that a function is essential is that it is the "reason the position exists." *Id.*; [29 C.F.R. § 1630.2](n)(2)(i).

¶13  The position description for Tractor Operator provides that the purpose of the position is to operate heavy-duty tow/push tractors. IAF, Tab 23 at 6, 4. As noted, a section of the appellant's position description, entitled "Physical Effort," provides that the incumbent performs work on hard surfaces and in work areas that require climbing, standing, stooping, bending and work in tiring and uncomfortable positions, frequently lifts and carries supplies and materials which weigh up to 50 pounds, and must be able to work at heights up to 15 feet. *Id.* at 9.

¶14  The administrative judge considered the medical records included within the record of this appeal and found that they suggest that the appellant suffered from degenerative changes in his cervical and lumbar spine, which were sufficiently severe that his own physician opined that the appellant was incapable of performing the job duties required of him. ID at 15. The administrative judge further noted that, during the discovery phase of this proceeding, the appellant admitted that: (1) due to medical conditions, he was unable to climb into or onto heavy equipment and machinery; (2) due to medical limitations, he was unable to lift heavy objects; (3) he suffers from pain in his neck that inhibits his ability to operate heavy machinery; (4) he suffers from pain in his hands that inhibits his ability to operate heavy machinery; (5) he suffers from pain in his back that inhibits his ability to operate heavy machinery; (6) his primary duties as a Tractor Operator were to operate heavy equipment; (7) as of June 2016 through the date he responded to the agency's discovery requests, he was unable, for medical reasons, to perform the duties of his position; (8) his medical records indicated that he was unable to perform the duties of his position for medical reasons; (9) his doctors advised him that he was unable to perform the duties of his position for medical reasons; (10) he suffered from a cervical spine condition that prevented him from performing the duties of his position; (11) his cervical spine

condition was unlikely to improve in the future; and (12) if he were to resume the duties of his position, it would worsen his medical conditions.  ID at 15-16; IAF, Tab 13 at 18-20.

¶15    The administrative judge acknowledged that, in his response to the agency's close of the record submissions, the appellant's stance regarding his ability to perform the duties of his position apparently changed.  Specifically, the appellant argued that the agency promoted him to Tractor Operator in the 2009-2010 timeframe and that his medical condition had not changed since then; and that he had difficulties when he had to climb the ladder into the Cat 988.  ID at 16.  The appellant argues on review, as he did below, that his medical condition did not prevent him from performing the duties of his position, and that driving the Cat 988 was outside the scope of his duties.  PFR File, Tab 1 at 12.  The administrative judge found that the preponderance of the evidence did not support the appellant's allegation that the agency required him to work outside the scope of his position description by requiring him to operate the Cat 988, ID at 17-19, but that, regardless of whether the appellant worked within the scope of his position description while operating the Cat 988, the agency established that the appellant was otherwise unable to perform the duties of his position as a result of a medical condition.  ID at 19.  The administrative judge based this finding on undisputed evidence that:  (1) the appellant occupied a position with physical requirements, including a requirement to work in areas that require climbing and frequent lifting and carrying of supplies and material weighing up to 50 pounds; (2) although the memorandum from his doctor did not list a particular weight lifting restriction, it indicated that the appellant could perform light duties that would not require him to lift anything heavy; and (3) a requirement to frequently lift and carry items weighing up to 50 pounds would exceed a medical limitation that precluded an individual from lifting anything heavy.  The administrative judge further found that, by the appellant's own admission, climbing into the Cat 988 was taxing for him and would cause him pain and that, during discovery,

he admitted that he was unable to climb into or onto heavy equipment, that he suffered from neck, back, and hand pain that inhibited his ability to operate heavy equipment, and that due to his medical limitations, he was unable to lift heavy objects.  Finally, the administrative judge found that the appellant's doctor's opinion, as well as the additional medical evidence in the record, and the presumption that any additional evidence the appellant might have presented would have supported the agency's charge of inability to perform,[6] all support the conclusion that the appellant suffered from degenerative medical conditions that rendered him unable to perform the duties of his position at the time of his removal.  ID at 19-20.  Because the medical evidence suggested that the appellant's conditions were permanent and degenerative, and because he admitted that resuming his duties would worsen his medical condition, the administrative judge determined that the agency established by a preponderance of the evidence that a recurrence of the appellant's conditions could not be ruled out and that the duties of the position were such that a recurrence would pose a reasonable probability of substantial harm.  ID at 20.  We find, under the proper framework, that the agency established that the appellant's medical condition prevents him from being able to safely and efficiently perform the core duties of his position, and that therefore the agency sustained its charge of medical inability to perform.[7]

---

[6] During adjudication, the administrative judge imposed sanctions against the appellant for failing to comply with an order granting the agency's motion to compel discovery. They included drawing an adverse inference favoring the agency that any evidence the appellant might have offered would have supported the agency's charge.  IAF, Tab 17. The appellant has not challenged the imposition of that sanction on review.

[7] On review, the appellant notes that the agency's stated legal authority for the removal action on the Standard Form (SF) 50 is 5 C.F.R. § 432.101, a regulatory provision describing the statutory authority for performance-based reduction-in-grade and removal actions.  5 U.S.C. chapter 43; PFR File, Tab 1 at 5.  Here, it is clear that the action was taken under chapter 75.  While the SF-50 is documentation of the action, it is not the action itself.  *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 22 (2014) (stating that, while an SF-50 is the customary documentation of a personnel action, it is not the personnel action itself).

¶16      Nevertheless, in determining whether the agency has met this burden, the Board will consider whether a reasonable accommodation, short of reassignment, exits that would enable the appellant to safely and efficiently perform those core duties. *Haas*, 2022 MSPB 36, ¶ 25. The appellant argued only that the agency could have accommodated him by eliminating the duties of his position that he was unable to perform, IAF, Tab 1; Tab 20 at 21; but, the agency stated that the appellant's position could not be redesigned and that, due to his limitations, he was placed on light duty and temporarily relieved of his responsibilities to operate heavy equipment or machinery, or to perform any associated maintenance or other physical labor. IAF, Tab 20 at 15 (declaration of deciding official). An agency is not required to accommodate an individual with a disability by eliminating the essential functions of his position. *See, e.g.*, *Johnson v. U.S. Postal Service*, 120 M.S.P.R. 87, ¶ 10 (2013). We therefore agree with the administrative judge that the agency proved that it could not provide a reasonable accommodation that would enable the appellant to perform the core duties of his Tractor Operator position. ID at 24.

The appellant failed to meet his burden of proving that he is a qualified individual with a disability, as that term is defined under the relevant statutes.

¶17      The administrative judge considered but rejected the appellant's claim that the agency engaged in disability discrimination. ID at 20-24. The administrative judge found that the appellant did not prove his failure to accommodate claim because he was not a qualified individual with a disability. ID at 23-24. We modify the administrative judge's analysis but agree that this claim fails.

¶18      The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Haas*, 2022 MSPB 36, ¶ 28. The Rehabilitation Act has incorporated the standards of the Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA). *Id.* Therefore, we apply those standards

here to determine if there has been a Rehabilitation Act violation. *Id.* In particular, the ADAAA provides that it is illegal for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8). An employer is also required to provide reasonable accommodation to an otherwise qualified individual with a disability. 42 U.S.C. § 12112(b)(5). On review, the appellant argues without support that he was never disqualified from performing his duties. PFR File, Tab 1 at 13. To the extent the administrative judge found that the appellant was disqualified, ID at 20, he did so in his analysis of the merits of the agency's charge. We have found, however, that because the appellant was not removed solely on the basis of medical history, the agency's burden is to prove either a nexus between the employee's medical condition and observed deficiencies in his performance or conduct, or a high probability, given the nature of the work involved, that his condition may result in injury to himself or others, *Haas*, 2022 MSPB 36, ¶ 15, and that under that proper framework, the agency satisfied its burden of proof.

¶19     We agree with the administrative judge's finding that the appellant was not a qualified individual with a disability because he did not meet the physical requirements of the position and his medical condition precluded him from being able to perform the duties of his position. ID at 23-24. The appellant's arguments on this point essentially mirror those regarding the agency's charge, that is, that he could perform in his position if the agency removed those duties that he admits he could not perform. As noted, an agency is not required to accommodate an individual with a disability by eliminating the essential functions of his position. *Johnson*, 120 M.S.P.R. 87, ¶ 10.

¶20     The appellant argues on review that the agency failed to engage in the interactive process. PFR File, Tab 1 at 8-9. Specifically, he claims that in

June 2016 and on September 20, 2016, he submitted "formal request[s] for accommodation," but that the agency did not search for any vacant positions to which he could be reassigned. *Id.* at 8. Rather, he asserts, the agency required him to conduct his own search by applying for jobs on USAjobs.gov. *Id.* at 9. The record reflects, as the administrative judge found, that, on June 1, 2016, the appellant and his union representative met with the Branch Director and a Human Resources Specialist, the appellant indicated that he suffered from a medical condition that was affecting his ability to perform his duties, ID at 2; IAF, Tab 19 at 21, and, promptly thereafter, his supervisor asked the appellant to provide certain information regarding his condition, including any requested accommodation, within 15 days. IAF, Tab 19 at 21. There is no evidence that the appellant replied. On July 20, 2016, the Branch Director again advised the appellant of his option to request reasonable accommodation, including applying for vacant positions, and stated that he must respond within 15 days to the Disability Program Manager. ID at 3; IAF, Tab 7 at 17. The appellant did not respond to the Disability Program Manager, but he did send a memo to the Branch Chief requesting that his position be redesigned to eliminate the duties he could not perform. ID at 3; IAF, Tab 19 at 27. In response to the Notice of Proposed Removal, the appellant requested reassignment to another position, specifically mentioning that of a Mail Carrier. IAF, Tab 19 at 33. The agency submitted evidence showing that there was no longer a Mail Carrier position within the Division as it had been eliminated years ago, and that there were no positions, let alone vacant positions, that "we could place [the appellant] in for which he was qualified and could perform the essential functions with or without accommodation." IAF, Tab 20 at 16 (declaration of deciding official). In addition, the Disability Program Manager sent an email to the proposing and deciding officials in which he explained that the appellant had indicated to him that he did not wish to initiate a job search but rather preferred to remain in a limited/light duty status. ID at 5; IAF, Tab 19 at 30; IAF, Tab 18 at 14.

¶21	Contrary to the appellant's claim, the record reflects that the agency engaged in the interactive process with the appellant prior to issuing a letter of decision on his proposed removal, including requesting medical information about the nature of his disability, and that, although he submitted documentation showing that he was disabled, he failed to identify a vacant funded position to which he could have been reassigned or provide any other evidence of another accommodation. *Kohl v. Department of the Army*, 80 M.S.P.R. 678, ¶ 5 (1999). We therefore find no support for the appellant's claim that the agency failed to engage in the interactive process regarding placing him in a vacant position for which he was qualified, *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶¶ 15, 19 (2014) (finding that the agency engaged in the interactive process in good faith), and that therefore he cannot prevail on his claim of disability discrimination based on the agency's failure to reasonably accommodate him.

The administrative judge correctly found that the appellant failed to prove that the agency denied him due process and/or committed harmful procedural error regarding his right to reply to the charge.

¶22	The appellant also argues on review that the administrative judge erred in finding that the agency did not deny him due process regarding his right to reply to the charges. PFR File, Tab 1 at 10-12. The administrative judge found that, although the appellant did not submit a written response directly to the deciding official, as directed, he did submit a response to the proposing official, and that the deciding official did become aware of, and consider, that response in reaching his decision. ID at 25-26; IAF, Tab 20 at 16 (declaration of deciding official). Because the appellant did have an opportunity to submit a written reply, he was thereby afforded his due process rights and was not also entitled to make an oral reply.[8] *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542-46

---

[8] On review, the appellant appears to suggest that the deciding official had an ex parte communication with the Branch Director regarding the penalty to be imposed and that that conversation also resulted in a denial of due process. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011), *Stone v. Federal Deposit Insurance*

(1985). The administrative judge properly went on to consider, however, whether the agency committed harmful error under 5 U.S.C. § 7701(c)(2)(a) based on the appellant's claim that he was denied the right to make an oral reply. 5 U.S.C. § 7513(b)(2). The administrative judge found that the appellant did not establish his claim because he did not show that any such error was harmful, that is he did not indicate what information he would have provided to the deciding official during such a reply, and he provided no evidence as to what the deciding official's reaction likely would have been if provided with whatever additional evidence or argument the appellant would have presented during his oral reply. ID at 26-28. To the extent the appellant argues that he was denied the right to make an oral reply, he has not shown that the administrative judge erred in finding no harmful error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 682, 685 (1991).[9]

The administrative judge did not abuse his discretion regarding in adjudicating this appeal.

¶23      The appellant argues on review that the administrative judge erred or abused his discretion in requesting additional documentation from the agency after the close of the record. PFR File, Tab 1 at 13. The administrative judge explained that, upon reviewing the record in preparation for writing the decision, he realized that the copy of the appellant's Tractor Operator position description that the agency submitted with its response file was incomplete, and so he phoned the agency representative and asked him to submit a complete copy of the document for the record, which he did. ID at 11 n.2. An examination of the

---

*Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999); PFR File, Tab 1 at 12. We have not considered this argument, however, as it is raised for the first time on petition for review and the appellant has not shown that it is based on new and material evidence not previously available despite his due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 16 (2016).

[9] The appellant does not challenge on review the administrative judge's finding that the agency established the requisite nexus and reasonableness of its penalty. PFR File, Tab 1; ID at 28. We discern no error in these findings.

agency's original submission reveals a five-page document, IAF, Tab 7 at 20-24, whereas the submission the agency provided in response to the administrative judge's request consists of those same five pages plus two more, the latter of which includes, inter alia, a section entitled "PHYSICAL EFFORT." IAF, Tab 23 at 9-10. That both position descriptions bore the same date suggests that the first one submitted was, in fact, incomplete. As noted, the content of that section formed the basis for the administrative judge's finding that the appellant's position has physical requirements, specifically, lifting and carrying supplies and materials weighing up to 50 pounds. ID at 11-12. Although the appellant suggests on petition for review that the administrative judge improperly requested a complete copy of the position description, PFR File, Tab 1 at 13, administrative judges are authorized to order the production of evidence. 5 C.F.R. § 1201.41(b)(10). The appellant has not shown that the administrative judge erred or abused his discretion under these circumstances.

## NOTICE OF APPEAL RIGHTS[10]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* [42 U.S.C. § 2000e-5](f) and [29 U.S.C. § 794a].

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. [5 U.S.C. § 7702](b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[11]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                           /s/ for
                              _____
                              Jennifer Everling
                              Acting Clerk of the Board
Washington, D.C.